514

THE GEILER COMPANY, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 80-1743—Decided June 24, 1981.)

*Messrs. Schottenstein, Zox & Dunn, Mr. Harvey Dunn* and *Mr. Richard A. Barnhart,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

WILLIAM B. BROWN, J.   The primary issue raised in the appeal of this cause is whether appellant's invoicing policy resulted in collection of state sales tax.

Appellant is a construction contractor and, as such, is within the purview of R. C. 5739.01(B).[1] This section, when read in conjunction with R. C. 5741.02(B) renders appellant liable for taxes on materials used or consumed in Ohio. Upon installation by the construction contractor, no sales tax is due on these materials from its customers.

Appellant presents an argument, stating, in essence, that a construction contractor cannot be both a consumer and vendor with respect to the identical tangible personal property in the same transaction, and notes that the board concluded appellant was a consumer. Appellant seeks to retain all revenues labeled as "sales tax," arguing that since it was found to be a consumer the board erred in sustaining the commissioner's assessment pursuant to R. C. 5739.01(H).

In relevant part, R. C. 5739.01(H) provides:

"The tax collected by the vendor from the consumer under sections 5739.01 to 5739.31 of the Revised Code, is not part of the price, but *is a tax collection for the benefit of the state* and of counties levying an additional sales tax pursuant to section 5739.021 of the Revised Code and of transit authorities levy-

---

[1] R. C. 5739.01(B), in relevant part, provides:

"***Except as provided in section 5739.03 of the Revised Code, a construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is not a sale of such tangible personal property, and the construction contractor is the consumer thereof***."

ing an additional sales tax pursuant to section 5739.023 of the Revised Code, and except for the discount and credits authorized in section 5739.12 of the Revised Code, *no person other than the state* or such a county or transit authority *shall derive any benefit from the collection* or payment of such tax." (Emphasis added.)

Appellant's construction of R. C. 5739.01(H) assumes that only a "vendor" may not derive "any benefit from the collection or payment of such tax." We disagree. While R. C. 5739.01(H) refers to vendors, we find these references acknowledge that vendors are charged with the duty to collect sales tax pursuant to R. C. 5739.03.[2] Of greater importance is the General Assembly's use of the word "person," when describing who shall not "derive any benefit from the collection or payment of such tax." The definition of person, pursuant to R. C. 5739.01(A), includes appellant.[3]

Appellant seeks to distinguish our holding in *Decor Carpet Mills* v. *Lindley* (1980), 64 Ohio St. 2d 152. In *Decor Carpet Mills,* this court, relying on R. C. 5739.01(H), denied a request for the refund of use tax where Decor's sales personnel charged sales tax on carpeting that it installed in customers' homes. Appellant contends Decor's sales personnel intentionally charged sales tax on exempt transactions whereas appellant, without intent to collect sales tax, was simply passing through previously paid taxes, as a cost of doing business, to its customers.[4]

[2] R. C. 5739.03, in relevant part, provides:

"Except as provided in section 5739.05 of the Revised Code, the tax imposed by or pursuant to section 5739.02, 5739.021, or 5739.023 of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale, in the manner and at the times provided as follows:* * *."

[3] R. C. 5739.01(A) provides:

" 'Person' includes individuals, receivers, assignees, trustees in bankruptcy, estates, firms, partnerships, associations, joint-stock companies, joint ventures, clubs, societies, corporations, the state and its political subdivisions, and combinations of individuals of any form."

[4] Careful examination of the record discloses that appellant's company records listed both labor and materials used, with a percentage markup therefor, and tax paid to its vendors, with a percentage markup therefor. Our holding does not relate to appellant's recordkeeping procedures. Instead, it is premised only on the itemization of sales tax on customer invoices.

We find this to be a distinction without a difference. In both cases the taxpayers were construction contractors and, pursuant to R. C. 5739.01(B), the consumers of tangible personal property which was installed. Sales tax was itemized on customer invoices. Moreover, customers were deceived as to the actual amount of appellant's charge and whether some portion of their payment would be forwarded to the state treasury. Intent is of no consequence.

Finally, appellant alternatively requests a reduction in assessment amounts equal to the tax paid on purchases of items from its suppliers. This is precisely what the taxpayer-appellant in *Decor Carpet Mills, supra,* was requesting, wherein we stated, at page 154: "This statute [R. C. 5739.01(H)] is dispositive of appellant's tax credit request. We find that the sales tax wrongfully collected by appellant as trustee for the state pursuant to R. C. 5739.03, is a tax collection for the benefit of the state of Ohio. To grant appellant's request for a refund of use tax in the form of a credit against its liability for the erroneously collected sales tax would impermissibly confer a tax benefit on appellant." (Footnote omitted.)

Applying this rationale to the present case, we hold that appellant's request to retain or reduce the amounts assessed and its 22 claims for refund were properly denied.

Accordingly, the decision of the board being reasonable and lawful is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.