RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0316p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

CITY OF COLUMBUS, OHIO; CITY OF DAYTON;
CITY OF FINDLAY; CITY OF NORTHWOOD;
CITY OF ROSSFORD; CITY OF MAUMEE;
PERRYSBURG TOWNSHIP; SPRINGFIELD
TOWNSHIP; MONCLOVA TOWNSHIP; LAKE
TOWNSHIP; FRANKLIN COUNTY CONVENTION
FACILITIES AUTHORITY,

> *Plaintiffs-Appellants,*

Nos. 10-4531/4545

*v.*

HOTELS.COM, L.P.; EXPEDIA, INC.;
INTERNETWORK PUBLISHING CORPORATION;
ORBITZ, LLC; PRICELINE.COM, INC.;
TRAVELOCITY.COM, LP; TRAVELWEB, LLC;
TRIP NETWORK, INC.; HOTWIRE, INC.;
LOWESTFARE.COM, INC.,

> *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 3:05-CV-7443—David A. Katz, District Judge.

Argued: May 29, 2012

Decided and Filed: September 10, 2012

Before: MARTIN, GILMAN, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** John T. Murray, MURRAY & MURRAY, Sandusky, Ohio, for Appellants. Michael R. Gladman, JONES DAY, Columbus, Ohio, for Appellees. **ON BRIEF:** John T. Murray, MURRAY & MURRAY, Sandusky, Ohio, Michael P. Foley, RENDIGS, FRY, KIELY & DENNIS, Cincinnati, Ohio, for Appellants. Michael R. Gladman, Grant W. Garber, JONES DAY, Columbus, Ohio, James P. Karen, JONES DAY, Dallas, Texas, Jeffrey A. Rossman, MCDERMOTT WILL & EMERY LLP, Chicago, Illinois, Steven R. Smith, CONNELLY, JACKSON & COLLIER LLP, Toledo, Ohio, Brian S. Stagner, Derek L. Montgomery, KELLY HART & HALLMAN LLP, Fort Worth, Texas,

Darrel J. Hieber, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Los Angeles, California, Karen L. Valihura, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, Delaware, for Appellees.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge.  This case concerns alleged violations of local occupancy-tax laws by various online travel companies.  Plaintiffs—cities, townships, and a county in the state of Ohio—sued various online travel companies, asserting that the online travel companies violated local tax laws by failing to pay a transient-occupancy tax on the difference between a contractually agreed-upon "wholesale" room rate, charged by the hotels to the online travel companies, and a higher "retail" rate charged by the online travel companies to the customers.  The localities seeking recovery—the cities of Columbus, Dayton, Findlay, Northwood, Rossford, and Maumee; the townships of Perrysburg, Springfield, Monclova, and Lake; and Franklin County—have each enacted a separate ordinance, regulation, or resolution imposing guest occupancy taxes.  The online travel companies filed a motion to dismiss. The district court granted the motion in part and denied the motion in part, determining that the online travel companies had no obligation to collect and remit guest taxes under any of the various guest tax laws at issue, but that the localities could still recover for any amounts the online travel companies collected as a tax but failed to remit to the localities.  After the partial dismissal, the only remaining claim concerned whether the online travel companies collected money as a tax without remitting the collected money to tax authorities.  The district court granted the online travel companies' motion for summary judgment, finding that the cities had not produced sufficient evidence to create a genuine issue of material fact as to whether the online travel companies collected taxes that were not remitted to the cities.  The localities now appeal: (1) the district court's ruling that the online travel companies had no obligation to collect and remit guest taxes under the enacted laws; (2) the district court's order granting summary judgment for the online travel companies; and (3) the district court's order denying a motion to certify

questions to the Ohio Supreme Court.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

I.

Defendants Hotels.com, L.P., Expedia, Inc., Hotwire, Inc., Travelocity, L.P., Orbitz, LLC, and Priceline.com, Inc., as well as certain subsidiaries and corporate siblings of these entities, are online travel companies.  Although the online travel companies have various business practices, the parties agree that the online travel companies share the same basic business model.  The online travel companies agree to pay lodging establishments a contractually agreed-upon "wholesale" rate if the online travel companies find customers to rent available rooms at the lodging establishments.  Customers who rent the rooms from the online travel company then pay the online travel companies a higher "retail" rate to rent the rooms; the online travel companies pay the original "wholesale" rates, plus any taxes applicable to the "wholesale" price, to the lodging establishments.  The localities allege that the online travel companies have violated local tax laws by failing to pay the local occupancy tax on the revenue they collect in the form of the difference between the "wholesale" room rate and the higher "retail" rate charged by the online travel companies.

Ohio allows municipalities and townships to levy excise taxes on "transactions by which lodging by a hotel is or is to be furnished to transient guests."  Ohio Rev. Code § 5739.08.  Each of the localities in this action enacted laws—ordinances, resolutions, and regulations—imposing excise and occupancy taxes on hotel lodging and transient accommodation.  *See* Columbus, Ohio, City Codes §§ 371.01-371.99; Findlay, Ohio, Cod. Ords., pt. 1, §§ 195.01-195.99; Rossford, Ohio, Cod. Ords., pt. 1, tit. 9, ch. 195; Monclova Twp., Ohio, Monclova Twp. Lodging Tax Code of Regs.; Franklin Cnty., Ohio, Franklin Cnty. Convention Facilities Auth., Tax Reg.; Dayton, Ohio, §§ 36.130-36.143; Northwood, Ohio Code of Ords., §§ 882.01-882.99; Maumee, Ohio, Cod. Ords. §§ 195.01-195.06; Perrysburg Twp., Ohio, Res. No. 505.56; Springfield Twp. Ohio, Res. No. 505.56; Lake Twp., Ohio, Trs. Res. No. 505.56.

Based on these laws, the localities seek to recover allegedly unpaid occupancy taxes from the online travel companies. The district court divided the tax laws at issue into three groups. The first category—the ordinances in the cities of Findlay, Columbus, and Rossford, the regulation in the Township of Monclova, and the regulation in Franklin County—places the tax collection burden on the "vendor." These laws define "vendor" as a person who owns or operates the hotel or transient accommodation "and who furnishes the lodging." The Monclova regulation also defines vendor to include "the agents and employees of such person." The second category—the ordinances adopted in the cities of Dayton, Northwood, and Maumee—places the tax collection burden on the "operator." "Operator" is defined as a person who is the "proprietor of the hotel whether in the capacity of owner, lessee, licensee, or any other capacity." Where an owner operates the hotel through a "managing agent of any type or character . . . the managing agent shall be deemed an operator for the purposes of this division." The final category—the resolutions in the townships of Perrysburg, Springfield, and Lake—places the tax collection burden on "hotels." "Hotels" are defined as "every establishment kept, used, maintained, advertised, or held out to the public to be a place where sleeping accommodations are offered to guests."

This case began as two separate suits. The first, brought by the City of Findlay, was filed in state court and was removed to the Northern District of Ohio. The second, filed by the cities of Columbus and Dayton, was filed in the Southern District of Ohio. In both cases, the online travel companies moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The later-filed action was transferred to the district court handling the first-filed action, and the district court granted each motion in part and denied each motion in part. The district court ruled first on the claims brought by Findlay and later extended that ruling to the suits involving Columbus and Dayton. The two cases were consolidated, and the other localities joined the suit as plaintiffs. After consolidation, the district court ruled that its determinations regarding Findlay, Columbus, and Dayton applied with equal force to the ordinances from Northwood, Rossford and Maumee, and to the resolutions enacted in the townships of Springfield, Lake, and Perrysburg, and the regulations enacted in Monclova Township and Franklin

County.

In granting the online travel companies' motion to dismiss, the district court determined that the online travel companies had no obligation under any of the ordinances, regulations, or resolutions to collect and remit guest taxes.  The district court determined that the localities could still recover for any amounts the online travel companies labeled as a tax and collected from customers, but did not remit to taxing authorities.  In so deciding, the district court determined that the laws created tax-collection obligations only for "vendors," "operators," and "hotels," and that the online travel companies do not fit into any of these definitions.

Both the localities and the online travel companies moved for summary judgment on the issue of whether the online travel companies had collected money "denominat[ed] as a sales and/or bed tax" that was not remitted to the localities.  The localities also sought to certify questions to the Ohio Supreme Court.  The district court granted summary judgment for the online travel companies and denied summary judgment for the localities.  The district court found that the localities had not produced sufficient evidence to create a genuine issue of material fact as to whether the online travel companies collected money denominated as a tax that was not remitted to the localities.  The district court also denied the localities' motion to certify questions to the Ohio Supreme Court.  The localities now appeal: (1) the district court's ruling that the online travel companies had no obligation to collect and remit guest taxes under the tax laws; (2) the court's grant of summary judgment for the online travel companies; and (3) the court's denial of the motion to certify questions to the Ohio Supreme Court.

II.

A.    Motion to Dismiss

This Court reviews grants of Rule 12(b)(6) motions de novo.  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).  "To survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*,

615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  All facts in the complaint must be accepted as true.  *Courie*, 577 F.3d at 629 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    1.  The Tax Laws Apply to "Vendors," "Operators," and "Hotels"

  The localities' primary contention is that the district court wrongfully dismissed the claim that the online travel companies were liable for failing to collect and remit taxes imposed by the tax laws.  The district court found that the claim could not go forward because the laws' tax obligations do not apply to the online travel companies.  The localities contend that the laws impose a tax on the online travel companies because either the companies are "vendors," "operators," or "hotels" within the meaning of the laws, or the online travel companies are otherwise subject to the laws.  The district court determined that the online travel companies had no obligation to collect taxes under the tax laws.

  "To determine whether the [online travel companies] fall under the purview of the ordinances, we begin by analyzing the statutory language." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009).  We apply Ohio law because jurisdiction in this case is based on diversity of citizenship. *Id.* at 385.  "Essentially, we are obliged to decide the case as we believe the [Ohio] Supreme Court would do." *Id.*  "When construing a statute, [Ohio courts] first examine its plain language and apply the statute as written when the meaning is clear and unambiguous." *AT&T Commc'ns of Ohio, Inc. v. Lynch*, 132 Ohio St. 3d 92, 96, 969 N.E.2d 1166, 1171 (Ohio 2012).  "When a statute is susceptible of more than one interpretation, courts seek to interpret the statutory provision in a manner that most readily furthers the legislative purpose as reflected in the wording used in the legislation." *State ex rel. Toledo Edison Co. v. City of Clyde*, 76 Ohio St. 3d 508, 513, 668 N.E.2d 498, 504 (Ohio 1996).  Under Ohio law, where courts find "statutes defining subjects of taxation to be ambiguous, [they] resolve the ambiguity in favor of the taxpayer." *Zalud Oldsmobile, Inc. v. Limbach*, 68 Ohio St. 3d 516, 519, 628 N.E.2d 1382, 1385 (Ohio 1994); *B.F. Goodrich Co. v. Peck*, 161 Ohio St. 202, 206, 118 N.E.2d 525, 528 (Ohio 1954) ("A statute which

authorizes the levying of a tax will be construed strictly against the taxing authority." (internal quotation marks omitted)).

Like the district court, we will separately analyze each of the three types of laws. First, we assess those ordinances and regulations that impose an obligation to collect and remit occupancy taxes only on "vendors," meaning "owners or operators" of hotels who "furnish[] lodging." The district court determined that the online travel companies do not meet this definition of "vendors," and therefore are not covered by the ordinances or regulations. The localities argue that the online travel companies are "vendors" when they resell hotel rooms via the Internet. The ordinances and regulations define "vendor" as "the person who is the owner or operator of the hotel who furnishes the lodging." The ordinances of Findlay, Columbus, Rossford, and the regulation of Franklin County define "hotel" to mean "every establishment kept, used, maintained, advertised or held out to the public to be a place where sleeping accommodations are offered for consideration to guests." Monclova's regulation defines a "vendor" as a person who "operates a hotel" or "agents and employees of [the vendor] who perform the functions of the vendor on his behalf." It is undisputed that the online travel companies in this case do not, and are not alleged to, perform functions associated with owning or operating a hotel (*i.e.*, maintaining rooms, employing hotel staff, providing keys, or performing other similar activities). The Complaint did not allege that the online travel companies were owners or operators of hotels, but rather identified the online travel companies as having contracts with hotels to sell rooms. Because the online travel companies, unlike hotels, do not provide customers with lodging, we find that the district court correctly concluded that the online travel companies are not "vendors" within the meaning of the relevant ordinances and regulations.

We turn next to the second category of laws. These ordinances impose a tax collection obligation on "operators," defined as "proprietors" or "managing agents." The district court held that these ordinances also do not apply to the online travel companies because the online travel companies are neither proprietors nor managing agents of hotels. Each of these ordinances defines an "operator" as the "proprietor" of

the hotel, including individuals in the capacity of "the owner, lessee, [or] licensee." Where a "managing agent of any type or character" performs the function of the operator, the "managing agent shall be deemed an operator for purposes" of the ordinance. The localities do not allege that the online travel companies are hotel proprietors—acting as owners, lessees, mortgagees, licensees, or otherwise—and it is undisputed that the online travel companies do not operate, own, or maintain hotels. Nor are the online travel companies "managing agents" of hotel proprietors because they are not alleged to "perform the functions" of an operator or proprietor. According to the terms of the ordinances and the function of the online travel companies, the online travel companies are not "operators" within the meaning of the applicable ordinances and are thus not subject to the Dayton, Maumee, and Northwood ordinances.

Finally, we turn to the third category of tax laws, resolutions adopted by townships. The resolutions impose a tax-collection obligation on "hotels." The district court reasoned that these resolutions do not apply to the online travel companies because the online travel companies are not "hotels" as defined by the resolutions; the localities argue that the online travel companies are "hotels" within the meaning of the resolutions. The resolutions define "hotels" to include "every establishment . . . advertised or held out to the public to be a place where sleeping accommodations are offered to guests, in which five or more rooms are used for the accommodation of such guests." The plain meaning of these words imposes a tax-collection obligation on the "establishment[s]," not the online travel companies with whom the establishments contract. The hotels and motels themselves are, under the resolutions' plain meaning, "establishments . . . in which . . . rooms are used for the accommodation of . . . guests." Though the online travel companies advertise *places* that offer sleeping accommodations, the online travel companies do not advertise *themselves* to be places where sleeping accommodations are offered. Based on the plain meaning of the resolutions, the online travel companies cannot plausibly be understood to be hotels.

We conclude that the district court correctly dismissed the localities' claim that the online travel companies violated each of the localities' tax laws to the extent the

claim was based on the theory that the online travel companies have a collection obligation under the adopted tax ordinances, regulations, or resolutions.

### 2.    Hotels' Delegated Collection Duty

The localities argue that even if the online travel companies do not have a collection obligation under the laws, the district court erred in dismissing their claim for liability under the laws because the hotels contractually delegated their duty to collect taxes to the online travel companies. Though the localities raise this delegation claim as part of their appeal from the district court's decision regarding the online travel companies' motion to dismiss, the localities first raised this delegation claim before the district court in response to the online travel companies' motion for summary judgment. Because of the late-arising nature of the claim, the district court declined to address the argument. On appeal, we will not consider claims first raised in response to a summary judgment motion. *See, e.g.*, *Tucker v. Needletrades, Indust. & Textile Emps.*, 407 F.3d 784, 787-89 (6th Cir. 2005) (declining to consider colorable promissory estoppel claim raised for the first time in briefs seeking summary judgment). This litigation was almost five years old by the time the district court ruled on the summary judgment motion, and the localities had ample opportunity prior to this ruling to raise a claim of contractual liability but did not do so before the online travel companies' motion for summary judgment. The district court did not err in declining to address this claim because it was raised for the first time in response to the online travel companies' motion for summary judgment.

### 3.    Laws Tax "Transactions" by Which Lodging is Furnished, or "Rents Paid"

The localities argue that, even assuming the online travel companies are not vendors, operators, or hotels within the meaning of the localities' laws, the online travel companies nonetheless have tax-collection obligations under the laws' obligation to pay taxes either on "transactions" that result in the furnishing of transient lodging, or "rents paid" by customers for a room. Ohio Revised Code § 5739.08 enables localities to tax transient guests and specifically allows "a municipal corporation" to levy a tax on

"transactions by which lodging by a hotel is or is to be furnished to transient guests." Many of the local ordinances, regulations, and resolutions have nearly identical language. The localities argue that the transactions between the online travel companies and their customers are "transactions by which lodging by a hotel is or is to be furnished to transient guests" within the meaning of Ohio Revised Code section 5739.08 and the tax laws it enables. The localities also argue that the online travel companies are subject to taxation under local ordinances that tax the "rent paid" by a customer for a room. For example, Dayton's ordinance taxes "all rents paid or to be paid by transient guests for lodging." The tax ordinances from Northwood, Maumee, and the regulation from Monclova, include substantively similar "rent paid" language. The localities argue that these ordinances and the regulation levy a tax on the retail rate, and not the wholesale rate, because the statutes are designed to cover the amount "paid by [the] transient guests."

We agree with the online travel companies' assertion that the ordinances, regulations, and resolutions before us levy a tax on the amount charged by the hotel or otherwise paid *for lodging or occupancy*, and not on charges beyond this amount. For example, Franklin County's regulation defines "transaction" as "the charge *by a hotel* for each occupancy by [a] transient guest." Franklin Cnty. Convetion Auth., Tax Reg. § 1(d) (emphasis added). Likewise, Dayton imposes its occupancy tax on "all rents paid . . . by transient guests *for lodging*." Dayton Ord., §§ 36.131(A), 36.130 (emphasis added), (defining "rent" as "consideration received for occupancy valued in money"). Maumee, Northwood, Rossford, Findlay, Monclova Township, and Columbus have provisions identical or substantively similar to the Dayton ordinance. *See, e.g.*, Maumee Ord. §§ 195.01(e), 195.02(b) (imposing tax on "all rents paid or to be paid by the transient guest for the lodging" and defining "rent" as "consideration received for occupancy"); Northwood Ord. § 882.02(b) (imposing tax on the "amount paid or to be paid by the transient guest for the lodging"); Rossford Ord. §§ 195.02(b) (same); Findlay Ord. § 195.02 (same); Monclova Ord. §§ 2(H), 3(A) (imposing tax on "transaction[s] . . . by which lodging is or is to be furnished by a vendor to a transient guest . . . at the rate of [three percent] of the rent for each such transaction" where rent is defined as "the

aggregate in money . . . paid . . . for hotel lodging"); Columbus Ord. §§ 371.02(a), 371.03 (imposing tax on "each taxable lodging"). The tax ordinances before us are specifically concerned with the amount paid to the hotel for lodging, and not the amount paid for service or booking fees or for the cost of using the services of the online travel company. The language of the ordinances, regulations, and resolutions is aimed expressly at taxing the cost of furnishing hotel lodging, and does not purport to tax the additional fees charged by the online travel companies.

### 4.    Other Arguments by the Localities

The localities argue that it is "nonsensical" to interpret the occupancy-tax laws such that they do not apply to the online travel organizations. The localities rely on the reasoning explained by the Southern District of Illinois in *City of Fairview Heights v. Orbitz, Inc.*, No. 05-CV-840-DRH, 2006 WL 6319817, at *5 (S.D. Ill., July 12, 2006). In *City of Fairview Heights*, the district court noted that interpreting a similar local Illinois tax ordinance to tax only the wholesale value, and not the retail value, of hotel rooms purchased through online travel companies "would open up a potentially gaping loophole: a hotel operator could simply incorporate a shell entity[,] . . . rent the hotel rooms to that entity for a nominal amount, and then re-rent the rooms to consumers, who would be taxed only on the nominal sum paid by the side entity to the operator." *Id.* We considered, and rejected, this reasoning when assessing similar tax ordinances enacted in Louisville, Kentucky and Jefferson County, Kentucky. *See Louisville/Jefferson Cnty. Metro.*, 590 F.3d at 388-89. As we noted, the decision to assign liability to online travel companies is one that remains in the hands of the legislature and not this Court. *Id.* at 389 Moreover, "unlike in the hypotheticals [discussed in *City of Fairview Heights*], none of the [online travel companies] here are under common ownership with the physical establishments that control the rooms." *Id.*; *see also Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 314 (4th Cir. 2009) (rejecting concerns of the hypothetical "loophole" discussed in *City of Fairview Heights*); *City of Goodlettsville v. Priceline.com, Inc.*, 844 F. Supp. 2d 897, 909 (M.D. Tenn. 2012) (same; determining that online travel companies are not "operators" under occupancy-tax ordinance and the

ordinance therefore did not apply to them). Therefore, the concerns raised by the Illinois court are not relevant to the claims before us.

Finally, the localities argue that the online travel companies violated the laws by collecting taxes and service fees together, without disclosing which portion of the collected amount is for taxes and which portion is for service fees. The ordinances of the cities of Dayton, Findlay, Northwood, and Maumee, and the regulation from Monclova Township, each contain language that requires the tax to be "shown separately on any record," bill, or statement. *See, e.g.*, City of Dayton Code, § 36.134(A)-(B). The localities raise this possible violation for the first time on appeal. Generally, "an argument not raised before the district court is waived on appeal to this Court." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008); *see also Foster v. Barilow*, 6 F.3d 405, 400 (6th Cir. 1993). There are narrow exceptions to this rule that do not apply here; we have "rarely" exercised our discretion to depart from the rule, *Scottsdale Ins. Co.*, 513 F.3d at 552, and we decline to do so here. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (holding that this Court "will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice"). We find that the localities have waived their right to argue this claim on appeal.

   B.  Summary Judgment

The localities appeal the district court's grant of the online travel companies' motion for summary judgment, arguing that the district court erred by finding that there was no genuine issue of material fact as to whether the online travel companies collected fees denominated as taxes without remitting the collected money to the taxing authorities. The localities argue that the online travel companies collected money from consumers labeled as a tax, but failed to remit that money to the taxing authorities. Under Ohio law, the online travel companies have a duty to remit any money collected as taxes, regardless of whether the tax code required the collection of the money. *See Geiler Co. v. Lindley*, 66 Ohio St. 2d 514, 517, 423 N.E.2d 134, 136-37 (Ohio 1981) (finding that appellant was required to remit amounts collected as "sales tax" where

"sales tax" was itemized on customer invoices, and customers were "deceived as to the actual amount of appellant's charge and whether some portion of their payment would be forwarded to the state treasury"); *Barker Furnace Co. v. Lindley*, No. 6813, 1981 WL 2815, at *1 (Ohio App. 1981) (requiring contractor to remit to state erroneously collected, "separately itemized sales tax charges"); *see also* Ohio Rev. Code § 5739.02(E) ("[N]o person other than the state or such a county or transit authority shall derive any benefit from the collection or payment of the tax levied . . . .").

"This Court reviews a district court's grant of summary judgment de novo." *Salling v. Budget Rent–A–Car Sys., Inc.*, 672 F.3d 442, 443 (6th Cir. 2012) (internal quotation marks and alteration omitted). Summary judgment is proper if the materials in the record "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cnty. Bd. of Educ.,* 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The localities present evidence suggesting that the online travel companies deliberately calculated the "fee" charges at the same percentage rate as the tax rate, and that the online travel companies applied that percentage rate to the difference between the retail rate and the wholesale rate of each room. In this manner, the fee charges on each hotel room were equivalent to the amount that would have been charged as a tax if the tax did apply to the retail rate. For example, a Hotels.com email states that "Hotels.com calculates the tax recovery charge and service fees by applying the tax rate to the reservation rate." Emails from Expedia and Travelocity reflect a similar practice. The localities also cite a 2004 email from a new hire at Hotels.com. The email states that "Hotels.com has been calculating the tax recovery charge by applying the tax rate to the top-of-the-line sales price." An email from a different Hotels.com employee references a fee that includes "the taxes collected over the Tax recovery fee." A review of this evidence does not show that Hotels.com, Expedia, or Travelocity mislabeled or

misidentified to customers either the amounts they collected or the purposes for which customers were being charged certain fees. Indeed, even if the online travel companies intended to tie the amount of their service fees to the amount of a hypothetical tax obligation, or internally referred to these items as "taxes collected over the Tax recovery fee," this does not show that the travel companies deceived customers or misrepresented to customers the purpose of fees collected. *See Geiler Co.*, 66 Ohio St. 2d at 517, 423 N.E.2d at 136-37 (finding that "[i]ntent is of no consequence" because the relevant inquiry is whether defendants deceived customers by keeping amounts charged as a tax). The localities adduce no evidence showing that the online travel companies represented to customers that they were charging them for "taxes" that were not remitted.

The localities also cite a statement by Hotwire acknowledging that "[t]he actual tax cost paid to the hotel may differ slightly from the tax recovery charge, depending upon the rate, taxability, etc. in effect at the time of the actual use of the hotel by you, the consumer." This, along with other statements by Hotwire and relied on by the localities, does not alter our conclusion that the localities have not raised a genuine issue of material fact regarding whether the online travel companies charged customers for "taxes" that were not remitted. An examination of these statements reveals that they do not mislabel fees as taxes but rather reflect Hotwire's explanation that the amount charged as a "tax recovery charge" "is an estimate amount based on all the hotels in the eligibility band" rather than an actual collection of taxes.

We agree with the district court that the localities have failed to provide evidence that the online travel companies' practice of combining service fees and tax fees deceived customers into providing money to the online travel companies that the customers believed would be remitted to the local or state government authorities as a tax but was not so remitted. As the localities acknowledge, the online travel companies collected the amounts at issue labeled as "Taxes and Service fees." Moreover, it is also undisputed that a portion of that combined charge was actually remitted to the hotels as a tax due on the wholesale value of the hotel room. The localities have not come forward with evidence suggesting that the online travel companies labeled charges as

taxes when, in fact, the money collected was not remitted as a tax. Therefore, we affirm the district court's grant of summary judgment to the online travel companies.

### C.    Certification to Ohio Supreme Court

The localities argue that the district court erred in denying their request to certify questions regarding the applicability of the occupancy-tax laws to the online travel companies. The localities requested certification as part of their cross-motion for summary judgment, after the district court had resolved these questions during review of the online travel companies' motion to dismiss. "The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 449-50 (6th Cir. 2009) (internal quotation marks omitted). "Certification is most appropriate when the question is new and state law is unsettled," but the "federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Id.* (citations and internal quotation marks omitted). In an unpublished opinion, we have stated that certification is disfavored where a plaintiff files in federal court and then, after an unfavorable judgment, "seek[s] refuge" in a state forum. *Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC*, 311 F. App'x 827, 831 (6th Cir. 2009). "The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling." *Id.* at 832. The view that state-law issue certification should be sought before, not after, a district court resolves the issue, is shared by many of our sister circuits. *See, e.g.*, *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) ("There is a presumption against certifying a question to a state supreme court after a federal district court has issued a decision."); *Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) (denying certification where party did not seek certification until adverse decision and stating "[t]hat fact alone persuades us that certification is inappropriate"); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209-210 (8th Cir. 1987) (discouraging requests for certification made by a party after summary judgment has been decided against that party because "[o]therwise, the initial federal court decision

will be nothing but a gamble with certification sought only after an adverse decision"). The localities in this case waited to request certification until after the district court had already made numerous decisions in this case. The district court did not abuse its discretion in declining to certify this issue to the Ohio Supreme Court.

III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.