**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0880n.06

No. 12-6589

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>JOSHUA DYLAN HORNBACK,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff  Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>LEXINGTON-FAYETTE URBAN COUNTY, GOVERNMENT, a Municipal Corporation, et al.,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants - Appellees.</td><td>)</td><td></td></tr>
</table>

**FILED**
Oct 08, 2013
DEBORAH S. HUNT, Clerk

---

**Before:  MOORE and McKEAGUE, Circuit Judges; HELMICK, District Judge.[\*]**

JEFFREY J. HELMICK, District Judge.  Appellant Joshua Dylan Hornback appeals the district court's dismissal of his complaint pursuant to Rule 12(b)(6).  Hornback asserts the district court erred when it applied the Supreme Court's ruling in *Wallace v. Kato*, 549 U.S. 384 (2007), to Hornback's § 1983 illegal search claim and dismissed Hornback's claim as barred by the Kentucky statute of limitations for personal injury claims.  For the reasons stated below, we affirm the district court's ruling.

## I. BACKGROUND

On August 31, 2010, Kentucky Probation and Parole Officers Alizabeth Graham and Abigail Dillingham arrived at Hornback's residence in Lexington, Kentucky to conduct a home visit on

---

[\*]The Honorable Jeffrey J. Helmick, United States District Judge for the Northern District of Ohio, sitting by designation.

Brandon Bell, one of Hornback's roommates. On that date, Bell was under the supervision of the Probation and Parole Division of the Kentucky Department of Corrections, though Hornback was not. Upon their arrival, Graham and Dillingham smelled burning marijuana. They requested assistance from Kentucky Probation and Parole Officers Monte Corbett and Paul Fulcher, as well as Lexington, Kentucky Police Officers Ray Samuel Wilson and Katie Rhea. These defendants conducted a warrantless search of the residence including Hornback's private bedroom, where they discovered and seized marijuana. As a result, Hornback was arrested later that day. He was charged with four felonies but ultimately indicted on three misdemeanor charges, including possession of marijuana and drug paraphernalia.

On February 17, 2011, Hornback filed a motion to suppress the evidence seized from his bedroom, arguing the state lacked probable cause to conduct a warrantless search of his bedroom. The trial court agreed, and granted Hornback's motion to suppress on May 9, 2011. On the same day, the trial court also granted the prosecution's motion to dismiss all charges against Hornback.

On May 8, 2012, Hornback filed a six-count complaint, alleging, in part, Appellees violated his constitutional protections against illegal searches and seizures in conducting the warrantless search. The district court concluded Hornback's claims were barred by the expiration of the statute of limitations and dismissed those claims with prejudice as to all Appellees.

## II. STANDARD OF REVIEW

We review a district court's dismissal of a case pursuant to Rule 12(b)(6) *de novo*. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). To defeat a defendant's motion to dismiss, the plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *City of Columbus v. Hotels.com, L.P.*, 693 F.3d 642, 648 (6th Cir. 2012) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept as true all of the factual allegations contained in the complaint

2

when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). A determination that a claim is barred by the applicable statute of limitations is a legal conclusion we also review *de novo*. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999).

### III. ANALYSIS

Hornback claims the district court erred in applying *Wallace* to the facts of his case because, he contends, the *Wallace* Court issued a narrow ruling that applies only to claims of false arrest or false imprisonment. Hornback argues his cause of action did not accrue until the trial court ruled the warrantless search of his bedroom illegal. Defendants urge us to affirm the district court's dismissal. They argue Hornback's cause of action accrued on the date of the search, as Hornback knew or should have known of his injury at that time.

State law determines the appropriate statute of limitations for a cause of action arising under 42 U.S.C. § 1983. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Under Kentucky law, the limitations period is one year. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); K.R.S. 413.140(1)(a). In contrast, "federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (*quoting Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). The statute of limitations "ordinarily does not begin to run until the plaintiff has a 'complete and present cause of action.'" *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 195 (1997); *see also Roberson*, 399 F.3d at 794 (*quoting Sevier*, 742 F.2d at 273) ("The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

3

The district court correctly concluded Hornback knew or had reason to know of the unlawful search of his bedroom on the day of the search. On August 31, 2010, Hornback knew he was not under the supervision of the Division of Probation and Parole, Appellees did not have a warrant or his consent to search his bedroom, and that Appellees nonetheless had searched his bedroom. On that date, Hornback had a "complete and present cause of action" and could have sued for relief. *Wallace*, 549 U.S. at 388.

Hornback fails to identify any case law in support of his contention that the Supreme Court's ruling in *Wallace* is applicable only to claims of false arrest. While the *Wallace* Court issued a case-specific ruling, the driving principle behind that ruling that the deferred accrual rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply to actions "which would impugn an anticipated future conviction" is generally applicable, including to claims such as Hornback's. *Wallace*, 549 U.S. at 393 (emphasis removed); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("In no uncertain terms . . . the Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context.").

Hornback correctly notes *Wallace* distinguishes between causes of action for malicious prosecution and those for false arrest. *See Wallace*, 549 U.S. at 394. The Court drew this distinction based on the nature of the claims, however; unlike malicious prosecution, some torts redressable under § 1983 (like false arrest) "accrue before the setting aside of indeed even before the existence of the related criminal conviction." *Id.* Claims of illegal search are analogous to claims of false arrest, as a potential plaintiff very often has a complete cause of action even before criminal proceedings commence. While Hornback argues he could not know his rights had been violated until the trial judge granted his motion to suppress, he fails to identify any authority in support of

his contention. Hornback had a colorable claim for the violation of his Fourth and Fourteenth Amendment rights on the day of the search, and the statute of limitations began to run on that date.

Hornback also asserts that if this court declines to apply the *Wallace* holding to § 1983 illegal search claims, "orderly adjudication of illegal search claims would take place, the risk of inconsistent legal determinations would be minimized, and the clogging of courts with unnecessary filings would be avoided." The *Wallace* Court, however, announced a procedure for lower courts to follow when confronted with scenarios such as the one Hornback faced:

> If a plaintiff files a false-arrest claim before he has been convicted (<u>or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial</u>), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace*, 549 U.S. at 393-94 (internal citations omitted) (emphasis added). Hornback's arguments concerning judicial efficiency are unpersuasive and ultimately irrelevant to the question of when his legal injury arose.

## IV. CONCLUSION

For the reasons stated above, we conclude Hornback filed his claims after the limitations period had expired and affirm the district court's dismissal of his complaint.

5