Jean COBB, by Next Friend, Bonnie Mallardi; Bonnie Mallardi, power of attorney, Plaintiffs–Appellants,

v.

TENNESSEE VALLEY AUTHORITY, Defendant–Appellee.

No. 14–5349.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 2014.

Before: BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

Bonnie Mallardi, as next friend and with power of attorney for her mother, Jean Cobb, appeals from the district court's dismissal of the plaintiffs' personal-injury complaint. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2013, the plaintiffs, proceeding through counsel, filed a complaint against the Tennessee Valley Authority ("TVA"), alleging that Cobb was injured in an automobile accident with Thomas W. Smith, an employee or agent of the TVA. The TVA moved to dismiss or, alternatively, for summary judgment, on statute-of-limitations grounds. The district court treated the motion as one seeking dismissal and found that the complaint was untimely under the one-year statute of limi-

tations for personal-injury actions under Tennessee Code Annotated § 28–3–104(a)(1). The court declined to toll the statute of limitations under Tennessee Code Annotated § 28–1–106 in the absence of a judicial declaration of Cobb's incompetence issued prior to the injury. The plaintiffs timely appealed, arguing that the court erred in finding that § 28–1–106 required a judicial declaration and that the district court should have certified this question to the Tennessee Supreme Court.

We review the district court's judgment granting the defendant's motion to dismiss de novo. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC,* 700 F.3d 829, 835 (6th Cir.2012). We must "construe the complaint in the light most favorable to the plaintiff[s], accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff[s]." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). To avoid dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

■ The statute of limitations for filing a personal-injury action in Tennessee is one year. Tenn.Code Ann. § 28–3–104(a)(1). This case arises out of an automobile accident that occurred on December 7, 2011, almost two years before the complaint was filed. The plaintiffs seek to toll the statute of limitations based on Tennessee Code Annotated § 28–1–106, which provides that:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's rep-

resentatives and privies, as the case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

The Tennessee legislature amended § 28–1–106 effective July 1, 2011: the phrase "adjudicated incompetent" replaced "of unsound mind"; "legal rights are restored" replaced "the removal of such disability"; and "restoration of legal rights" replaced "removal of such disability." *See* 2011 Tenn. Pub. Acts 47 § 17. The Tennessee courts have not addressed the effect of this amendment.

"[W]e are obliged to decide the case as we believe the [Tennessee] Supreme Court would do." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.,* 590 F.3d 381, 385 (6th Cir.2009); *see also City of Columbus, Ohio v. Hotels.com, L.P.,* 693 F.3d 642, 648 (6th Cir.2012). When interpreting a statute, the Tennessee Supreme Court will "ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application." *Perrin v. Gaylord Entm't Co.,* 120 S.W.3d 823, 826 (Tenn.2003). Where the statute's language is unambiguous, the court will "apply its ordinary and plain meaning." *Id.*

■ As the district court found, the plain meaning of "adjudicate" means "rule upon judicially." *See Black's Law Dictionary* (9th ed.2009). It is apparent that the Tennessee legislature meant to require a judicial determination by requiring the "restoration of legal rights" after one has been "adjudicated incompetent," before the statute begins to run. The Tennessee Supreme Court has also observed that the definition of "adjudicate" as "[t]o settle in the exercise of judicial authority" is consistent with that applied in "Tennessee case

law and rules." *Haley v. Univ. of Tenn.-Knoxville,* 188 S.W.3d 518, 522 (Tenn. 2006). Plaintiff's complaint does not allege that Cobb had been adjudicated incompetent when the accident occurred and is, therefore, time-barred under Tennessee law.

The plaintiffs argue that the district court should have certified the question to the Tennessee Supreme Court. "The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.,* 50 F.3d 370, 372 (6th Cir.1995). Federal courts will not generally "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Pennington v. State Farm Mut. Auto. Ins. Co,* 553 F.3d 447, 450 (6th Cir.2009) (quoting *Pino v. United States,* 507 F.3d 1233, 1236 (10th Cir. 2007)). A district court does not err in declining to certify a question where "well-established principles ... govern the interpretation." *Transamerica,* 50 F.3d at 372. The district court correctly interpreted § 28–1–106, as amended, under well-established principles of statutory interpretation and, therefore, did not err in declining to certify the question.

Accordingly, we affirm the district court's judgment. Fed. R.App. P. 34(a)(2)(C).