Decor Carpet Mills, Inc., Appellant, *v.*
Lindley, Tax Commr., Appellee.

(No. 80-382—Decided December 23, 1980.)

*Messrs. Zonak, Poulos & Cain* and *Mr. David E. Cain,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* Appellant contends that the Board of Tax Appeals arbitrarily rejected the testimony of appellant's witness at the hearing in case No. F-623.

This court's jurisdiction under R. C. 5717.04 is limited to a determination of the reasonableness and lawfulness of the board's decision. Where the appellant-taxpayer's assertion of error is basically one concerning a factual determination by the board, this court has been unwilling to disturb such determination if there is any probative evidence in the record to support the board's decision. *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477, 481. Finally, there is a presumption that a sale or use of tangible personal property in this state is taxable, which leaves the burden upon the taxpayer to rebut such a presump-

tion. *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, paragraphs one and three of the syllabus.

After careful examination of the entire record, we find that appellant did not meet its burden of affirmatively establishing its right to the requested exception to taxation. *National Tube Co.* v. *Glander, supra.* More specifically, the probative evidence in the record demonstrates that appellant failed to prove that the disputed transactions were "construction contracts." Accordingly, appellant incurred sales and use tax liability on these transactions.

If appellant wanted to prove that the disputed sales were made pursuant to construction contracts, appellant should have (1) produced the written agreements; (2) had customers themselves testify; or (3) produced testimony from an employee with *personal* knowledge of the disputed transactions. Since none of these was produced, the commissioner and the board concluded that the contracts in question were retail sales that required appellant to collect sales tax from the buyers.

We find this conclusion to be reasonable and lawful. Accordingly, appellant remains responsible for payment of the sales tax on these disputed transactions.

Furthermore, the court finds the board's determination affirming the denial of appellant's refund request, in case No. F-716, to be reasonable and lawful. R. C. 5739.01(H) provides, in relevant part:

"The tax collected by the vendor from the consumer under sections 5739.01 to 5739.31 of the Revised Code, is not part of the price, but *is a tax collection for the benefit of the state* and of counties levying an additional sales tax pursuant to section 5739.021 of the Revised Code and of transit authorities levying an additional sales tax pursuant to section 5739.023 of the Revised Code, and except for the discount and credits authorized in section 5739.12 of the Revised Code, *no person other than the state* or such a county or transit authority shall derive any benefit from the collection or payment of such tax." (Emphasis added.)

This statute is dispositive of appellant's tax credit request. We find that the sales tax wrongfully collected by appellant as

trustee for the state pursuant to R. C. 5739.03,* is a tax collection for the benefit of the state of Ohio. To grant appellant's request for a refund of use tax in the form of a credit against its liability for the erroneously collected sales tax would impermissibly confer a tax benefit on appellant.

Accordingly, the decision of the board denying the tax credit is affirmed.

For all the foregoing reasons, both decisions of the board are affirmed.

*Decisions affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

---

* R. C. 5739.03 provides, in relevant part:

"Except as provided in section 5739.05 of the Revised Code, the tax imposed by or pursuant to section 5739.02, 5739.021, or 5739.023 of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale, in the manner and at the times provided as follows:***"