**VOLBERS-KLARICH, APPELLANT, *v.* MIDDLETOWN**

**MANAGEMENT, INC. ET AL., APPELLEES.**

**[Cite as *Volbers-Klarich v. Middletown Mgt., Inc.*,**

**125 Ohio St.3d 494, 2010-Ohio-2057.]**

*Sales tax — Collection of nonexistent tax by vendor — Customer's remedy is suit against vendor, not refund from supposed taxing authority — Fraud pleaded with sufficient particularity — Class-action allegations insufficient under R.C. 1345.09(B).*

(No. 2009-0933 — Submitted January 26, 2010 — Decided May 18, 2010.)

APPEAL from the Court of Appeals for Butler County, No. CA2008-07-160, 2009-Ohio-1651.

_____

**SYLLABUS OF THE COURT**

When a vendor charges its customer a nonexistent tax, the funds collected are not a tax collected for the benefit of the taxing authority. Consequently, under these limited circumstances, the customer need not seek a refund from the government entity that purportedly imposed the tax, but may file suit directly against the vendor to recover those funds.

_____

**LUNDBERG STRATTON, J.**

**I. Introduction**

{¶ 1} The primary question before the court is this: when a vendor fraudulently charges its customer a nonexistent tax, must the customer attempt to recover those funds through a "refund" from the taxing authority, or may the customer attempt to recover those funds directly from the vendor? We must also determine whether the appellant herein pleaded fraud with sufficient particularity

and whether appellant's claim seeking certification of a class action alleging a violation of the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. Chapter 1345, stated a claim upon which relief could be granted.

{¶ 2} We hold that a customer may proceed directly against the vendor under these circumstances. We also hold that appellant's complaint pleaded fraud with sufficient particularity under Civ.R. 9(B), but that her claim seeking certification of a class action alleging a violation of the OCSPA does not state a claim upon which relief can be granted. Accordingly, we affirm in part and reverse in part the judgment of the court of appeals.

## II. Facts

{¶ 3} Appellant, Julie Volbers-Klarich, filed an amended complaint against Middletown Management, an Indiana corporation that operates a Hampton Inn located at 430 Kolbe Drive in Butler County, Ohio, and the corporate owner of the hotel. The complaint alleged that since 1999, the Hampton Inn has charged its customers a 12 percent tax on lodging, which included 5.5 percent for state sales tax with the remaining 6.5 percent being charged for a county tax and a municipal tax. However, the complaint also alleged that no county or municipal tax existed from 1999 through September 30, 2003. The complaint alleged that Hampton Inn converted the funds it collected under the auspices of the supposed county and municipal taxes. The complaint admitted that beginning on October 1, 2003, Butler County began charging a 3 percent tax on lodging. The complaint also alleged that the Hampton Inn charged appellant the 12 percent lodging tax when she was a guest in August 2002. Consequently, she alleged that by collecting these nonexistent taxes, Hampton Inn engaged in fraud, breach of statutory duty to collect taxes, negligence, breach of contract, conversion, a violation of the Ohio Corrupt Practices Act (R.C. 2923.31 et seq.), and a violation of OCSPA. She also sought certification of a class action and prayed for

compensatory and punitive damages in excess of $25,000, including treble damages and various costs and expenses.

**{¶ 4}** The trial court held that the funds collected by the Hampton Inn, including those collected for the alleged nonexistent municipal and county taxes, were taxes that belong to the taxing entities. The court also stated that it found no indication that the General Assembly intended to create a private cause of action by a consumer against a vendor for the improper collection of taxes. Thus, the trial court reasoned that appellant should have sought a refund from Butler County and the municipality of Fairfield, as opposed to filing suit against the Hampton Inn.

**{¶ 5}** The trial court also held that appellant did not plead her fraud claim with sufficient particularity. Consequently, the trial court dismissed appellant's complaint for failure to state a claim upon which relief could be granted.

**{¶ 6}** The court of appeals held that "when a customer seeks a refund of taxes, even when they are nonexistent taxes, the customer must apply to the taxing entity for a refund." 2009-Ohio-1651, ¶ 17, citing *Parker v. Giant Eagle, Inc.*, Mahoning App. No. 01 C.A. 174, 2002-Ohio-5212, at ¶ 29-30, and *Bergmoser v. Smart Document Solutions, L.L.C.* (Feb. 22, 2007), N.D.Ohio No. 1:05 CV2882, 2007 WL 634674. The court of appeals went on to state, "Even though Butler County and Fairfield were not collecting excise taxes for lodging at the time of appellant's stay, * * * they are entitled to those funds since they were collected by the Hampton Inn as trustee for Butler County and Fairfield." Id. at ¶ 18. Thus, the court concluded that appellant was required to seek a refund from Butler County and Fairfield, the taxing authorities, as opposed to filing suit against Middletown Management, the vendor. Id.

**{¶ 7}** The court of appeals also affirmed the dismissal of appellant's claim for fraud and her class action alleging a violation of the OCSPA. Id. at ¶ 22-28. Accordingly, the court of appeals affirmed the judgment of the trial court.

**{¶ 8}** We accepted appellant's discretionary appeal.

### III. Analysis

**{¶ 9}** Appellant urges us to reverse the judgment of the court of appeals, arguing that when a vendor collects money from a customer under the guise of a tax, the customer may file suit against the vendor to recover those funds rather than seeking a refund from the entity that purportedly imposed the tax. She also claims that the trial court erred in dismissing her claims for fraud and her claim for a class action alleging a violation of the OCSPA.

**{¶ 10}** In urging us to affirm, Middletown Management contends that any money collected as a tax in the name of the government entity belongs to that government entity, and therefore because only governments can collect taxes, only governments can be subject to the legal process to refund the taxes that were wrongly paid by the taxpayer.

#### A. Standard of Review

**{¶ 11}** A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292. Thus, the movant may not rely on allegations or evidence outside the complaint; such matters must be excluded, or the motion must be treated as a motion for summary judgment. Civ.R. 12(B); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383.

**{¶ 12}** "The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. It must appear

beyond doubt that plaintiff can prove no set of facts entitling her to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus." *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182.

*B. Taxpayers Can File Suit Against a Vendor to Recover*

*Vendor's Collection of a Nonexistent Tax*

{¶ 13} We can find no legal authority that squarely addresses the question of whether a customer may file suit against a vendor to recover the vendor's collection of a nonexistent tax or whether the customer must instead seek a refund from the taxing authority. However, we find that the law that addresses a vendor's responsibilities in collecting taxes for the state, in particular R.C. 5739.02(E), is instructive on this issue. And although R.C. 5739.02(E) addresses the collection of taxes for the benefit of the state, the policy stated in this provision is also applicable to local taxes. See *Findlay v. Hotels.Com L.P.* (N.D.Ohio 2006), 441 F.Supp.2d 855, 861 (applying former R.C. 5739.01(H)). Accordingly, we begin our analysis by examining this body of law.

{¶ 14} A vendor is required to collect tax from customers on all taxable transactions as a trustee for the state of Ohio pursuant to R.C. 5739.03(A). "The tax collected by the vendor from the consumer under this chapter is not part of the price, but is a tax collection for the benefit of the state, and of counties levying an additional sales tax pursuant to section 5739.021 or 5739.026 of the Revised Code and of transit authorities levying an additional sales tax pursuant to section 5739.023 of the Revised Code. Except for the discount authorized under section 5739.12 of the Revised Code and the effects of any rounding pursuant to section 5703.055 of the Revised Code, no person other than the state or such a county or transit authority shall derive any benefit from the collection or payment of the tax levied by this section or section 5739.021, 5739.023, or 5739.026 of the Revised Code." R.C. 5739.02(E).

{¶ 15} In *Decor Carpet Mills, Inc. v. Lindley* (1980), 64 Ohio St.2d 152, 18 O.O.3d 376, 413 N.E.2d 833, a vendor charged its customers sales tax on the installation of carpeting pursuant to a construction contract, even though property installed pursuant to a construction contract was not subject to a sales tax. The vendor had remitted to the state the use tax it owed on its own purchase of the carpeting, but it retained the proceeds from the wrongly collected sales tax. Id. at 153. The tax commissioner levied an assessment on the vendor for the amount of the sales tax that it kept. The vendor sought a refund of the use tax that it had paid in the form of a credit against its tax liability for the sales tax. Id. at 153.

{¶ 16} In affirming the tax commissioner's denial of the refund, this court relied on former R.C. 5739.01(H) (now R.C. 5739.02(E)) in holding: "[T]he sales tax wrongfully collected by appellant as trustee for the state pursuant to R.C. 5739.03 is a tax collection for the benefit of the state of Ohio. To grant appellant's request for a refund of the use tax in the form of a credit against its liability for the erroneously collected sales tax would impermissibly confer a tax benefit on appellant." (Footnote omitted.) Id. at 154-155.

{¶ 17} Thus, *Decor Carpet Mills* stands for the proposition that even wrongfully collected taxes are a tax collected for the benefit of the taxing authority and that only the state can benefit from the payment or collection of taxes. Id. at 152; see also *Barker Furnace Co. v. Lindley* (June 2, 1981), Montgomery App. No. 6813, 1981 WL 2815 (involving almost identical facts and decided on the authority of *Decor Carpet Mills*).

{¶ 18} Relying in part on the premise that taxes wrongfully collected by a vendor are nevertheless taxes collected "for the benefit of the state," at least two courts have held that when a vendor wrongfully collects tax from a customer, the customer must attempt to recover the wrongfully collected taxes pursuant to a refund from the state, as opposed to filing suit against the vendor. *Parker v. Giant Eagle, Inc.*, 2002-Ohio-5212, at ¶ 29-30; and *Bergmoser v. Smart Document*

*Solutions, L.L.C.*, N.D.Ohio No. 1:05 CV2882, 2007 WL 634674, citing *Parker* at ¶ 29.

{¶ 19} In this case, the court of appeals held that "when a consumer seeks a refund of taxes, even where they are nonexistent taxes, the consumer must apply to the taxing entity for a refund." 2009-Ohio-1651, at ¶ 17, citing *Parker* and *Bergmoser*. The court of appeals added that "[e]ven though Butler County and Fairfield were not collecting excise taxes for lodging at the time of appellant's stay * * *, they are entitled to those funds since they were collected by the Hampton Inn as trustee for Butler County and Fairfield." Id. at ¶ 18, citing *Decor Carpet Mills,* 64 Ohio St.2d 152,18 O.O.3d 376, 413 N.E.2d 833; *Barker Furnace,* Montgomery App. No. 6813, 1981 WL 2815; and *Findlay*, 441 F.Supp.2d at 861.

{¶ 20} The cases relied upon by the court of appeals involve almost exclusively the wrongful collection of an *existing tax. Decor Carpet Mills,* 64 Ohio St.2d 152, 18 O.O.3d 376, 413 N.E.2d 833 (vendor collected state sales tax on a nontaxable transaction); *Parker,* 2002-Ohio-5212 (vendor collected excess state sales tax); *Bergmoser,* N.D.Ohio No. 1:05CV2882, 2007 WL 634674 (vendor collected excess state sales tax); and *Barker Furnace Co.,* Montgomery App. No. 6813, 1981 WL 2815 (vendor collected state sales tax on a nontaxable transaction).[1] Therefore, because wrongfully collected taxes are nevertheless taxes that belong to the state, it only makes sense that a taxpayer would be required to file a refund with the taxing authority that imposed the tax to recover those funds, as was held in *Parker* and *Bergmoser*.

---

1. The only case cited by the court of appeals that did *not* involve the wrongful collection of a tax was *Findlay v. Hotels.Com, L.P.* (N.D.Ohio 2006), 441 F.Supp.2d 855. In *Hotels.Com*, travel companies collected the proper amount of tax, but failed to remit the entire amount that they had collected to the taxing authority. Thus, *Hotels.Com* involves the proper collecting of an existing tax. Consequently, *Hotels.Com* provides no support for the proposition that funds collected pursuant to a nonexistent tax are a tax that belongs to the taxing entity.

{¶ 21} However, we find that a vendor's wrongful collection of an *existing* tax is distinguishable from a vendor's collection of a *nonexistent* tax, as explained in *Barker Furnace Co. v. Lindley,* Montgomery App. No. 6813, 1981 WL 2815. In arguing that it should not have to pay a sales-tax assessment for the excess sales tax that it collected from a customer, the vendor in *Barker* argued that because it had erroneously collected tax on a nontaxable transaction, the tax was not authorized by law, and therefore the funds did not belong to the state. Id. at *3. In response, the court of appeals stated: "To characterize the assessment as creating [a] tax for which no legislative authority exists is an oversimplification. It concerns the remission to the State of an *erroneously collected* tax for which *legislative authority does exist.* The party's error in making the improper collection is no justification for avoiding assessment for non-remission, a duty which exists concommitant [sic] to the authority under which the collection is made. When the taxpayer undertook to charge and collect a sales tax on its transactions with its customers, it did as the Tax Commissioner argues, assume the responsibility for such collections and the duty to remit them to the State." (Emphasis added.) Id. at *4.

{¶ 22} Following the reasoning in *Barker*, we hold that when a vendor collects funds (even those wrongly collected) pursuant to an *existing* tax, the funds constitute a tax authorized by law, which the vendor must remit to the taxing authority. Conversely then, when a vendor collects funds pursuant to a nonexistent tax, those funds are not a tax authorized by law, and the vendor has no authority to collect or remit those funds to the taxing authority. To hold otherwise would in effect permit an entity to create and collect a tax when none has been authorized by the taxing authority. We reject that proposition because the power to tax lies exclusively with the General Assembly. *Saviers v. Smith* (1920), 101 Ohio St. 132, 128 N.E. 269, syllabus; see also *Weed v. Franklin Cty. Bd. of Revision* (1978), 53 Ohio St.2d 20, 21, 7 O.O.3d 63, 372 N.E.2d 338.

8

**{¶ 23}** Accordingly, we hold that when a vendor charges its customer a nonexistent tax, the funds collected are not a tax collected for the benefit of the taxing authority. Consequently, under these limited circumstances, the customer need not seek a refund from the government entity that purportedly imposed the tax, but may file suit directly against the vendor to recover the converted funds.

**{¶ 24}** Our holding also comports with common sense and promotes judicial efficiency. The lower court's holding would require a customer who paid a nonexistent tax to proceed against the taxing entity that *purportedly* imposed the tax. However, the taxing authority has no power to order the collection of a nonexistent tax. Consequently, the customer will get no relief by seeking a refund from the taxing authority.

**{¶ 25}** At best, the taxing authority would then need to initiate legal action against the vendor that collected the funds. However, it is unclear under what theory the taxing authority could proceed. Moreover, even if the taxing authority stated a claim upon which relief could be granted, it is unclear how the customer would recover those funds from the taxing authority because, as the court of appeals noted, unlike the state of Ohio, the county and municipality in this case do not appear to have any refund procedure in place for the return of illegal or erroneous payments made to vendors. 2009-Ohio-1651, ¶ 20.

**{¶ 26}** We find that applying the tax laws to require such a convoluted and inefficient method of recovery would defy common sense and waste resources of both the litigants and the courts. We refuse to interpret the tax laws to reach such an absurd result. *State ex rel. Asti v. Ohio Dept. of Youth Servs.,* 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 28 (courts construe a statute and rule to avoid unreasonable or absurd results).

*C. Appellant's Complaint Pleads Fraud with Sufficient Particularity*

**{¶ 27}** Civ.R. 9(B) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Fraud has various elements: (1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 73, 23 OBR 200, 491 N.E.2d 1101.

{¶ 28} In this case, the trial court determined that the fraud allegations in the complaint were too general. The court went on to note that no discovery had yet taken place and that appellant did not have any documentary evidence to support her claims.

{¶ 29} The trial court erred in considering appellant's lack of documentary evidence supporting her allegations and the parties' lack of discovery in dismissing her fraud claim because a Civ.R. 12(B)(6) motion to dismiss tests only the sufficiency of the allegations. *Assn. for the Defense of the Washington Local School Dist.*, 42 Ohio St.3d at 117, 537 N.E.2d 1292.

{¶ 30} Appellant's complaint alleged that guests relied on the supposed validity of the Hampton Inn's room charges, but that it nevertheless charged guests for nonexistent county and municipal taxes. The complaint also alleged the amount of these charges and the time during which the Hampton Inn imposed them. We hold that appellant's complaint pleaded fraud with sufficient particularity to satisfy Civ.R. 9(B).

*D. Appellant's Class-Action Claim Alleging a Violation of the OCSPA*

*Fails to State a Claim upon Which Relief Can Be Granted*

{¶ 31} The court of appeals held that appellant's claim seeking certification of a class action alleging a violation of the OCSPA failed to state a claim upon which relief can be granted because it did not comply with R.C. 1345.09(B). 2009-Ohio-1651, at ¶ 26.

{¶ 32} "Under R.C. 1345.09(B), a class action is permitted under the Act if the plaintiff alleges that the substantive provisions of the Act have been violated, and (1) a specific rule or regulation has been promulgated under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or (2) an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Johnson v. Microsoft Corp.*, 155 Ohio App.3d 626, 2003-Ohio-7153, 802 N.E.2d 712, ¶ 21. In *Marrone v. Philip Morris USA, Inc.*, 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, plaintiffs filed a class-action complaint alleging a violation of the OCSPA. In an attempt to comply with R.C. 1345.09(B), the plaintiffs in *Marrone* relied on Ohio Adm.Code 109:4-3-10, which states that it is a deceptive act or practice for a supplier to make any representations in the absence of a reasonable basis in fact. Id. at ¶ 23. We held that "this rule is insufficient to provide prior notice under R.C. 1345.09(B) because it does not refer to any particular act or practice. A general rule is not sufficient to put a reasonable person on notice of the prohibition against a specific act or practice. To permit a generic rule to constitute prior notice for purposes of R.C. 1345.09(B) would allow *any* previous determination of a deceptive act or practice to qualify as prior notice for any subsequent alleged deceptive act or practice." Id. (Emphasis sic.)

{¶ 33} Appellant's complaint alleged that Middletown Management "had prior notice that such actions were deceptive and unconscionable pursuant to Ohio Administrative Code section 109:4-3-10." Under *Marrone,* this provision is insufficient to satisfy the notice requirement of R.C. 1345.09(B). Accordingly, we hold that appellant's claim seeking certification of a class action alleging a violation of the OCSPA fails to state a claim upon which relief can be granted.

### IV. Conclusion

{¶ 34} We hold that appellant's complaint filed against Middletown Management states a claim upon which relief can be granted against the proper

defendants. We also hold that her complaint pleaded fraud with sufficient particularity under Civ.R. 9(B) but that her claim seeking class certification alleging a violation of the OCSPA does not state a claim upon which relief can be granted. Therefore, appellant may proceed on her claim alleging a violation of the OCSPA only as an individual.

{¶ 35} In dismissing appellant's complaint, the trial court never specifically addressed the claims seeking certification of a class action alleging a breach of statutory duty to collect taxes, negligence, breach of contract, conversion, and violation of the Ohio Corrupt Practices Act. In light of this reversal, these claims must now be addressed on remand, as well as her claim alleging fraud and her individual claim alleging a violation of the OCSPA.

{¶ 36} Accordingly, we affirm in part and reverse in part the judgment of the court of appeals and remand the cause for proceedings not inconsistent with our opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Dyer, Garofalo, Mann & Schultz and Kenneth J. Ignozzi, for appellant.

James M. McDaniel, for appellee.

_____