**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0396n.06

No. 12-4125

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Apr 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CARLETON E. KOWALKE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| SWISS-AMERICA TRADING CORP., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: GRIFFIN and KETHLEDGE, Circuit Judges; ZATKOFF, District Judge.[*]

PER CURIAM. Carleton E. Kowalke appeals the district court's decision to grant summary judgment in favor of Swiss-America Trading Corp. (Swiss-America) in this action claiming fraud. We affirm.

In his complaint filed in state court, Kowalke alleged that Swiss-America fraudulently induced him to buy gold and silver coins "at grossly marked up prices after specifically representing that its only profit was a small fixed mark up," that the "mark up on each coin was in fact significantly higher," and that the coins "were not nearly as valuable as was represented." Swiss-America removed the case to the district court based on diversity of citizenship and later filed a motion for summary judgment, which the district court granted. This timely appeal followed.

---

[*]The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 12-4125
*Kowalke v. Swiss-Am. Trading Corp.*

We review the district court's decision to grant summary judgment de novo. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has met that initial burden, "the party opposing the motion then may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotation marks omitted).

Under Ohio law,[1] a fraud claim has the following elements: "(1) a representation . . . (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgmt., Inc.*, 929 N.E.2d 434, 440 (Ohio 2010). The district court concluded that Kowalke failed to produce evidence with respect to the sixth element—that he suffered a loss or that any loss was proximately caused by Swiss-America's purported false representation that the coins were sold at a 10% mark up. In his affidavit,

---

[1]As the district court noted, the "Numismatic Rare Coin Purchase Terms and Conditions" included forum selection and choice of law provisions designating Arizona state courts and Arizona law, but Kowalke argued that he never assented to those terms and conditions. Accordingly, the district court adjudicated the case as though the terms and conditions were not in effect and applied Ohio law. Because the parties do not challenge the district court's application of Ohio law, we apply it here. *See Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010).

No. 12-4125
*Kowalke v. Swiss-Am. Trading Corp.*

Kowalke claimed that Swiss-America "caused nearly $100,000.00 in loss," but failed to give an explanation for this figure or provide any evidence that the claimed loss was a result of the alleged false representation that Swiss-America was selling the coins at only 10% over its cost. *See Giffin v. Crestview Cadillac*, No. 09AP-278, 2009 WL 4809862, at *12 (Ohio Ct. App. Dec. 15, 2009) (affirming summary judgment on negligent misrepresentation claim where there was no evidence that the plaintiff incurred any monetary damages as a result of the defendant's alleged misrepresentation about its profit). Indeed, Kowalke produced no evidence of what Swiss-America paid for the coins, or of their current market value.

We agree with the district court that Kowalke failed to demonstrate that he suffered a loss or that any loss was proximately caused by Swiss-America's alleged false representation. Accordingly, we affirm the district court's decision to grant summary judgment in favor of Swiss-America.