[Cite as *Smith v. Boston Mut. Life Ins. Co.*, 2013-Ohio-2510.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KAREN L. SMITH, Executrix of the Estate of Daniel W. Smith, Jr., | : | APPEAL NO. C-120668 <br> TRIAL NO. A-1102562 |
| | : | |
| Plaintiff-Appellant, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| BOSTON MUTUAL LIFE INSURANCE COMPANY, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| UNIFIED CAPITAL SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 19, 2013

*Droder & Miller, Co., L.P.A., A. Dennis Miller, Richard J. Rinear* and *W. John Sellins*, for Plaintiff-Appellant,

*Squire Sanders, LLP*, *Scott Kane* and *Colter L. Paulson*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This is an appeal from a trial court decision granting a motion to dismiss. Daniel Smith assigned certain insurance commissions that he was entitled to receive from the Boston Mutual Life Insurance Company ("Boston Mutual") to Unified Capital Solutions, Inc., ("Unified Capital").  After Mr. Smith's death, his estate ("the Estate") attempted to revoke the assignment.  When Boston Mutual refused to recognize the revocation of the assignment and continued to pay the commissions to Unified Capital, the Estate instituted this lawsuit asserting claims for breach of contract, breach of fiduciary relationship, fraud, conversion, and an accounting.  We agree with the court below that the assignment was irrevocable as a matter of law.  Based on the irrevocability of the assignment and various other deficiencies in the claims asserted, we affirm the trial court's decision to dismiss the Estate's claims against Boston Mutual.

{¶2}    In August 2000, Daniel Smith entered into a general agent's contract ("Agent's Contract") with Boston Mutual to sell life and health insurance policies.  The contract provided that Smith was entitled to receive commissions from Boston Mutual. On December 16, 2006, Mr. Smith entered into a Declaration of Trust and Assignment ("the Assignment") with Unified Capital.  Under the terms of the Assignment, Mr. Smith assigned commissions he was entitled to receive from Boston Mutual to Unified Capital. At the time of the Assignment, Mr. Smith was President of Unified Capital and received a salary.

{¶3}    Mr. Smith died on June 17, 2010.  On August 16, 2010, Karen Smith, the executrix of his estate, notified Boston Mutual that the Estate was revoking the Assignment, and that all commissions due Smith should be paid directly to the Estate. When Boston Mutual continued to pay the commissions to Unified Capital, the Estate brought this action against Boston Mutual and Unified Capital.

2

{¶4} The trial court granted a motion to dismiss filed by Boston Mutual, concluding that all of the Estate's claims against Boston Mutual were deficient as a matter of law. *See Smith v. Boston Mutual Life Ins. Co.*, Hamilton C.P. No. A-1102562, 2011 Ohio Misc. LEXIS 361 (Aug. 17, 2011). The Estate then dismissed its claims against Unified Capital without prejudice. The Estate now appeals and asserts in a single assignment of error that the trial court erred in dismissing the Estate's claims against Boston Mutual.

{¶5} Ms. Smith's breach of contract claim against Boston Mutual is premised on the allegation that the assignment was validly revoked and that commissions should have been paid to the Estate instead of Unified Capital following Mr. Smith's death. The unambiguous terms of the assignment, however, are to the contrary. The assignment provides as follows:

> The undersigned, DANIEL W. SMITH, JR., acknowledges that in his capacity as President and employee of UNIFIED CAPITAL SOLUTIONS, INC., he has maintained licensure as an insurance salesman/broker in various states of the United States in order to enable him to fulfill his duties of employment and maintain his relationship with various insurance companies. In connection with this employment, he has and will continue to receive commissions on the sale of insurance which he has received for and on behalf of UNIFIED CAPITAL SOLUTIONS, INC., and in furtherance of such employment does hereby bargain, sell and assign all of such commissions, past, present and future, to UNIFIED CAPITAL SOLUTIONS, INC.

{¶6}    A non-gratuitous assignment of a contract right is said to "extinguish the right in the assignor and recreate[] the same right in the assignee." ' 9 Murray, *Corbin on Contracts*, Section 47:2 (Rev.Ed.2007).  According to the Restatement:

> 'assignment' is used to refer to an act which extinguishes in whole or in part the assignor's right and creates a similar right in the assignee. *See* §§ 317, 324. On proof of an unconditional assignment, the assignee can recover on an assigned right; the assignor cannot.  The assignor may be entitled to revoke the assignment because it is gratuitous or by virtue of a reserved power, or the assignment may be voidable for fraud or other invalidating cause.

Restatement of the Law 2d, Contracts, Assignment and Delegation, Section 331 (1981).

{¶7}    Ohio courts are in accord in concluding that there is no right to revoke such an assignment unless the power to revoke is reserved.  *See Fyda v. Habuda Concrete and Supply Co.*, 7th Dist. No. 85 C.A. 120, 1987 Ohio App LEXIS 6292, *5 (Mar. 27, 1987); *see also Hsu v. Parker*, 116 Ohio App.3d 629, 631-633, 688 N.E.2d 1099 (11th Dist.1996).  Here, Mr. Smith made a deal: he unconditionally bargained away present and future commissions from Boston Mutual in furtherance of his employment relationship with Unified Capital.  The Estate was not entitled to undo the bargain that Mr. Smith made, and the trial court properly dismissed the contract claim.

{¶8}    The trial court also properly dismissed the Estate's claim that Boston Mutual breached its fiduciary obligations.    The amended complaint fails to allege a relationship with the requisite "special confidence and trust" necessary to establish a fiduciary duty.   *See Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 442, 662 N.E.2d 1074 (1996).  Further, the Agent's Contract between Mr. Smith and Boston

Mutual defines Mr. Smith as an independent contractor.[1]  "Under Ohio law, there is generally no fiduciary relationship between an independent contractor and his employer unless both parties understand that the relationship is one of special trust and confidence." *Schulman v. Wolske & Blue Co., L.P.A.,* 125 Ohio App.3d 365, 708 N.E.2d 753 (10th Dist.1998).

{¶9}    We also conclude that the trial court appropriately dismissed the fraud claim.    Civ.R. 9(B) requires that a fraud claim be "stated with particularity."    The necessary elements of fraud are:

> (1) a representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.,* 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27.

{¶10}   The Estate has failed to identify any specific materially false representation made by Boston Mutual to Mr. Smith.  Rather, the amended complaint alleges only that "Boston Mutual intentionally and knowingly made the decision to unilaterally ignore the revocation" and that its actions were undertaken either "willfully, wantonly and with actual malice" or in complete disregard of its contractual obligations. Such allegations are not sufficient to support a fraud claim.  *See Curran v. Vincent,* 175 Ohio App.3d 146, 2007-Ohio-3680, 885 N.E.2d 964, ¶ 13-14 (1st Dist.).

---

[1] The amended complaint incorporated exhibits that were attached to the complaint, including the Agent's Contract.

{¶11}   The trial court also properly dismissed the Estate's conversion claim.  A claim for conversion will lie only when the money at issue is " 'earmarked' or is * * * capable of identification, e.g., money in a bag, coins or notes that have been entrusted to defendant's care, or funds that have been otherwise sequestered, and where there is an obligation to keep intact and deliver this specific money rather than merely deliver a certain sum." *Haul Transport of Va, Inc. v. Morgan*, 2d Dist. No. CA14859, 1995 Ohio App. LEXIS 2240, *9 (June 2, 1995), quoting *Gray v. Liberty Natl. Life Ins. Co.*, 623 So.2d 1156, 1160 (Ala.1993).  Here, the Estate failed to identify any such segregated funds, but alleged only that Boston Mutual wrongfully refused to pay commissions owed under the Agent's Contract.

{¶12}   Dismissal of the Estate's claim for an accounting was also appropriate.  The amended complaint sought an accounting of "the amount of commission money due from Defendants to Plaintiff."  In light of the trial court's decision dismissing the Estate's other claims, no commission money was due to the Estate and the Estate could not state a claim for the equitable remedy of an accounting.

{¶13}   Finally, we reject the Estate's contention that the trial court erred in dismissing the claim for promissory estoppel.   The amended complaint does not include a promissory-estoppel claim against Boston Mutual, and the trial court's decision does not address any such claim.  The Estate cannot raise this claim on appeal because it was not brought against Boston Mutual in the first instance in the trial court.  *See Roth v. Natl. City Bank*, 1st Dist. No. C-100216, 2010-Ohio-5812, ¶ 20*.*

{¶14}   We overrule the sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J,** and **CUNNINGHAM, J.,** concur.

Please note:

> The court has recorded its own entry this date.

