[Cite as *Fahey Banking Co. v. Carpenter*, 2019-Ohio-679.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Fahey Banking Company, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-842 |
| v. | : | (C.P.C. No. 17CV-4333) |
| Patricia A. Carpenter, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Kemp, Schaffer & Rowe Co., L.P.A., Michael N. Schaeffer, Richard G. Murray, II, Scott N. Schaeffer*, and *Lauren A. Kemp,* for appellant. **Argued:** *Scott N. Schaeffer.*

**On brief:** *Susan M. Stasiewicz,* for appellee Patricia A. Carpenter.

**On brief:** *Carlile Patchen & Murphy LLP, Carl A. Aveni, II,* and *Brandon A. Borgmann,* for appellee Stephen D. Enz, Trustee of the Kenneth N. Carpenter Irrevocable Trust. **Argued:** *Carl A. Aveni, II.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, the Fahey Banking Company ("Fahey"), appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee Stephen D. Enz, Trustee of the Kenneth N. Carpenter Irrevocable Trust ("Trustee"), and dismissed Fahey's complaint. For the following reasons, we reverse the trial court's judgment and remand for specific consideration of legal issues raised only in Fahey's reply brief and at oral argument.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 23, 2013, the Franklin County Court of Common Pleas granted Fahey a judgment against defendant-appellee Patricia A. Carpenter ("Carpenter") and C & G Golf, LLC, jointly and severally, which judgment remains unsatisfied.  As of May 10, 2017, the amount remaining due on the judgment was $1,252,782.22 plus interest.  On May 11, 2017, Fahey filed a complaint for a creditor's bill under R.C. 2333.01.  On July 24, 2017, Fahey filed an amended creditor's bill complaint, naming the Trustee and Carpenter as defendants.  Carpenter is a beneficiary of the Kenneth N. Carpenter Irrevocable Trust ("trust").  Fahey alleges in the complaint that Carpenter does not have sufficient real or personal property with which to satisfy the debt.

{¶ 3}   On August 7, 2017, Carpenter filed an answer to the amended complaint and, on September 13, 2017, the Trustee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and the trial court granted the motion.

## II. ASSIGNMENT OF ERROR

{¶ 4}   Fahey filed a timely notice of appeal and raised the following assignment of error for our review:

> The Trial Court erred by failing to recognize that a present right of withdrawal from a Trust is a present ownership interest to which a spendthrift provision does not apply and the interest may be attached by a creditor pursuant to a Creditor's Bill under R.C. §2333.01.

## III.  ANALYSIS

{¶ 5}   In its assignment of error, Fahey contends that the trial court erred in granting the trustee's motion to dismiss its amended complaint.  A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and "tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989).  For a trial court to grant a motion to dismiss for failure to state a claim on which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.  In construing the complaint on a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Turner*

*v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. An appellate court uses a de novo standard of review to determine whether the dismissal of a complaint under Civ.R. 12(B)(6) was proper. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

{¶ 6} In its assignment of error, Fahey contends that the trial court erred by failing to recognize that a present right of withdrawal from a trust is a present ownership interest to which a spendthrift provision does not apply and the interest may be attached by a creditor under a complaint for a creditor's bill under R.C. 2333.01. The trustee argued that Fahey sought a prospective injunction barring the trustee from making future distributions from a spendthrift trust and a legal determination that Ohio statutes expressly prohibit this. Fahey argued that, because Carpenter's right to an irrevocable trust distribution is unqualified and not subject to the trustee's discretion, Fahey is entitled to a creditor's bill to the extent of such distributions.

{¶ 7} The trial court determined that the trust is a spendthrift trust and held that R.C. 5805.01 prohibits a creditor of the beneficiary from reaching the interest or a distribution from a spendthrift trust by the trustee before its receipt by the beneficiary. The trial court examined R.C. 5805.05(A), which permits creditors to attach present and future mandatory distributions only if the trust is not a spendthrift trust. It determined that Fahey was not entitled to an injunction and could not obtain an order directing future payments from the spendthrift trust to be paid to Fahey before Carpenter received the payments. It granted the Trustee's motion under Civ.R. 12(B)(6) and dismissed Fahey's complaint for creditor's bill.

{¶ 8} The parties do not contest the fact that the trust is an irrevocable trust with a valid spendthrift provision. *See* Trust at Article VIII, Ex. A attached to May 11, 2017 Compl. R.C. 5805.01(A) provides that "[a] spendthrift provision is valid only if it restrains both voluntary and involuntary transfer of a beneficiary's interest or if it restrains involuntary transfer of a beneficiary's interest and permits voluntary transfer of a beneficiary's interest only with the consent of a trustee who is not the beneficiary." The issue central to our review of Fahey's single assignment of error is whether a creditor is able to enjoin a trustee from making prospective distributions from the spendthrift trust to the beneficiary when the

beneficiary has an unqualified right to withdraw from the trust $5,000 or five percent of the principal annually.  (Trust at Article VI.)

{¶ 9}   Fahey contends that R.C. 5805.06 controls and permits the injunction and attachment, despite the valid spendthrift provision.  We examine Fahey's claim.

{¶ 10}  R.C. 5805.06 provides:

> (A) *Whether or not the terms of a trust contain a spendthrift provision, all of the following apply*:
>
> (1) During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors.
>
> (2) Except to the extent that a trust is established pursuant to, or otherwise is wholly or partially governed by or subject to Chapter 5816. of the Revised Code, with respect to an irrevocable trust, a creditor or assignee of the settlor may reach the maximum amount that can be distributed to or for the settlor's benefit.  If an irrevocable trust has more than one settlor, the amount distributable to or for a settlor's benefit that the creditor or assignee of a particular settlor may reach may not exceed that settlor's interest in the portion of the trust attributable to that settlor's contribution.  The right of a creditor or assignee to reach a settlor's interest in an irrevocable trust shall be subject to Chapter 5816. of the Revised Code to the extent that that chapter applies to that trust.
>
> (3) With respect to a trust described in 42 U.S.C. section 1396p(d)(4)(A) or (C), the court may limit the award of a settlor's creditor under division (A)(1) or (2) of this section to the relief that is appropriate under the circumstances, considering among any other factors determined appropriately by the court, the supplemental needs of the beneficiary.
>
> (B) For purposes of this section, all of the following apply:
>
> (1)  The holder of a power of withdrawal is treated in the same manner as the settlor of a revocable trust to the extent of the property subject to the power during the period the power may be exercised.
>
> (2) Upon the lapse, release, or waiver of the power of withdrawal, the holder is treated as the settlor of the trust only to the extent the value of the property affected by the lapse, release, or waiver exceeds the greatest of the following amounts:

(a) The amount specified in section 2041(b)(2) or 2514(e) of the Internal Revenue Code;

(b) If the donor of the property subject to the holder's power of withdrawal is not married at the time of the transfer of the property to the trust, the amount specified in section 2503(b) of the Internal Revenue Code;

(c) If the donor of the property subject to the holder's power of withdrawal is married at the time of the transfer of the property to the trust, twice the amount specified in section 2503(b) of the Internal Revenue Code.

(3) None of the following shall be considered an amount that can be distributed to or for the benefit of the settlor:

(a) Trust property that could be, but has not yet been, distributed to or for the benefit of the settlor only as a result of the exercise of a power of appointment held in a nonfiduciary capacity by any person other than the settlor;

(b) Trust property that could be, but has not yet been, distributed to or for the benefit of the settlor of a trust pursuant to the power of the trustee to make distributions or pursuant to the power of another in a fiduciary capacity to direct distributions, if and to the extent that the distributions could be made from trust property the value of which was included in the gross estate of the settlor's spouse for federal estate tax purposes under section 2041 or 2044 of the Internal Revenue Code or that was treated as a transfer by the settlor's spouse under section 2514 or 2519 of the Internal Revenue Code;

(c) Trust property that, pursuant to the exercise of a discretionary power by a person other than the settlor, could be paid to a taxing authority or to reimburse the settlor for any income tax on trust income or principal that is payable by the settlor under the law imposing the tax.

(Emphasis added.) R.C. 5805.06(A) and (B). As persuasive authority, the official comment to R.C. 5805.06 includes the following discussion, in pertinent part:

*Subsection (b)(1) treats a power of withdrawal as the equivalent of a power of revocation because the two powers are functionally identical.* This is also the approach taken in Restatement (Third) of Trusts Section 56 cmt. b (Tentative Draft No. 2, approved 1999). If the power is unlimited, the property subject to the power will be fully subject to the claims of the power holder's creditors, the same as the power holder's other assets. If the power holder retains the power until death,

> the property subject to the power may be liable for claims and statutory allowances to the extent the power holder's probate estate is insufficient to satisfy those claims and allowances. For powers limited either in time or amount, such as a right to withdraw a $10,000 annual exclusion contribution within 30 days, this subsection would limit the creditor to the $10,000 contribution and require the creditor to take action prior to the expiration of the 30-day period.

(Emphasis added.)

{¶ 11} Relying on this statutory authority and related interpretation, Fahey argues that since Carpenter has the power to withdraw an amount annually, she should be treated as the settlor of a revocable trust but only to the extent of the amount that she may withdraw annually ($5,000 or five percent of the principal). However, R.C. 5805.06(A)(1) provides that the property of a revocable trust is subject to claims of the settlor's creditors but only during the settlor's lifetime. While the original settlor is deceased, Fahey argues that Carpenter's power of withdrawal creates for her the same rights as the settlor of a revocable trust and is thus subject to Fahey's claims as Carpenter's creditor. Fahey argues it can reach the trust's assets during Carpenter's lifetime and that *Great Am. Ins. Co. v. Thompson Trust*, 1st Dist. No. C-040127, 2006-Ohio-304, supports its argument.

{¶ 12} In *Great Am. Ins.*, the debtor was a beneficiary of the trust and had requested and received year-end distributions and the debtor expected future distributions. The trustee argued that the trust's spendthrift provision prevented the creditor from attaching the beneficiary's interest in the trust. However, the First District Court of Appeals held that the beneficiary's power to withdraw $5,000 or five percent of the trust principal at the end of each year was unconditional, and, therefore, the assets subject to the debtor's demand were not protected by the spendthrift provision. The First District stated:

> But it is black-letter trust law that a spendthrift provision cannot protect assets that a beneficiary has an unconditional right to withdraw. "An intended spendthrift restraint is * * * invalid with respect to a nonsettlor's interest in trust property over which the beneficiary has the equivalent of ownership, entitling the beneficiary to demand immediate distribution of the property. Thus, if an income beneficiary also holds a presently exercisable general power of appointment (that is, a power currently to compel distribution of trust property to the power holder), a spendthrift restraint will not prevent the beneficiary's creditors * * * from reaching the property that is subject to the power."

*Great Am. Ins* at ¶ 9, quoting Restatement of the Law 3d of Trusts, Section 58, at Comment on Subsection (1), part b(1) (2003).

{¶ 13} The trustee argues that the Ohio Trust Law was effective in 2007, after *Great Am. Ins.* was decided and that R.C. 5805.05(A) provides the trust proceeds cannot be distributed in violation of the spendthrift provision.

> To the extent that a trust that gives a beneficiary the right to receive one or more mandatory distributions does not contain a spendthrift provision, the court may authorize a creditor or assignee of the beneficiary to attach present or future mandatory distributions to or for the benefit of the beneficiary or to reach the beneficiary's interest by other means.

*Id.* The Trustee uses this language to support his argument that a creditor cannot attach present or future distributions to the beneficiary because the trust contains a spendthrift provision. However, as we read this provision, we notice the language "to the extent" as applying to the spendthrift provision and not to the right to receive one or more mandatory distributions. As such, we cannot agree with the trial court that the mere existence of a spendthrift provision in a trust is dispositive of the right of a creditor to gain access to trust distributions that are mandatory.

{¶ 14} Spendthrift provisions are enforceable in Ohio. *Scott v. Bank One Trust Co.*, 62 Ohio St.3d 39 (1991). However, R.C. 5805.02 provides exceptions to enforceability of spendthrift provisions. R.C. 5805.02(E) provides that "[t]he only exceptions to the effectiveness of a spendthrift provision are those described in divisions (B) and (D) of this section [beneficiary is child or spouse with judgment for support or a claim of the United States], in division (B) of section 5805.05 of the Revised Code [trustee has not made a mandatory distribution within reasonable time after designated distribution date] and in *sections 5805.06* and 5810.04 [attorney's fees and costs from administration of a trust] of *the Revised Code.*" (Emphasis added.) Thus, R.C. 5805.02 provides that R.C. 5805.06 is an exception to the enforceability of spendthrift provisions.

{¶ 15} Fahey raised the argument that it could reach the trust assets in the trial court, but Fahey did not specifically argue that R.C. 5805.06 applied to avoid spendthrift limitations for creditors until its reply brief to this court and during oral argument. Generally, appellate courts do not address an argument made for the first time on appeal, the trial court not having had an opportunity to address it. *Oglesby v. Toledo*, 92 Ohio

App.3d 432, 437 (6th Dist.1993). Still, we recognize that our standard of review under these circumstances is de novo. We see merit to Fahey's argument but believe the parties and the trial court need the opportunity to thoroughly brief and consider it.

## IV. CONCLUSION

{¶ 16} We therefore vacate the decision of the trial court granting the Trustee's Civ.R. 12(B)(6) motion to dismiss and remand this matter to the trial court to order the defendants to file answers and for the trial court to determine appropriate motion(s) of the parties the issue of whether R.C. 5805.06 would operate to permit Fahey to attach mandatory distributions to Carpenter despite the spendthrift provisions that are part of the Trust.

{¶ 17} Fahey's sole assignment of error is sustained to the extent that we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to the trial court to fully consider under appropriate procedural circumstances the arguments of the parties concerning the application of R.C. 5805.06 to the Trust in question.

*Judgment reversed and cause remanded.*

HORTON, J., concurs.
DORRIAN, J., dissents.

_____