[Cite as *Barb v. Dept. of Rehab. & Corr.*, 2020-Ohio-1012.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Danny Barb, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-395 |
| v. | : | (Ct. of Cl. No. 2019-00248JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 17, 2020

**On brief:** *Mancino Co., LPA*, and *Brett M. Mancino*, for appellant.

**On brief:** *Dave Yost*, Attorney General, *Christopher P. Conomy*, and *Samantha J. Scherger*, for appellee. **Argued:** *Samatha J. Scherger.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Danny Barb, appeals a judgment of the Court of Claims of Ohio that dismissed Barb's action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

{¶ 2} On February 27, 2019, Barb filed an action against ODRC for false imprisonment. In his complaint, Barb alleged that in 2007 he was convicted of felonious assault and sentenced to eight years in prison. According to Barb, the sentencing entry in

his case imposed a period of post-release control, "but it did not explicitly state what the penalty for violating the terms of the post-release control would be." (Compl. at ¶ 5.) The complaint further stated that, "[a]s a result of the Court's failure to impose a sanction for Barb violating post-release control, according to Ohio law, Barb was not subject to post-release control because the post-release control provision was void." *Id.* at ¶ 6.

{¶ 3} Nevertheless, when Barb was released from prison on July 4, 2015, he was placed on post-release control under the supervision of a parole officer. Barb served at least two periods in prison for violating the terms of post-release control. On January 17, 2019, the Eighth District Court of Appeals ruled that the 2007 sentencing entry imposing post-release control on Barb was void.

{¶ 4} In his complaint, Barb asserted that ODRC had no privilege to confine him after July 4, 2015 because he was not lawfully subject to post-release control. Consequently, Barb claimed that ODRC falsely imprisoned him for violating the terms of post-release control, and he sought damages for those periods of confinement.

{¶ 5} In response to Barb's complaint, ODRC moved to dismiss pursuant to Civ.R. 12(B)(6). Barb opposed ODRC's motion. In a judgment entered May 24, 2019, the trial court granted ODRC's motion.

{¶ 6} Barb now appeals the May 24, 2019 judgment, and he assigns the following error:

> THE TRIAL COURT ERRED IN DISMISSING THE ABOVE
> CASE PURSUANT TO RULE 12(B)(6).

{¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. To grant the motion, the court must conclude that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to the relief sought. *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, ¶ 10. Appellate court review of a trial court's decision to

dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 8}    "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977).  The state may be held liable for the false imprisonment of a prisoner if it wrongfully retains custody of that prisoner beyond a lawful term of incarceration. *Id.* at 109-10.  To prove the state liable for false imprisonment for wrongfully retaining a prisoner in custody, the former prisoner must establish:   (1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists. *Id.* at paragraph one of the syllabus; *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App.3d 315, 318 (10th Dist.1994).

{¶ 9}    A former inmate, however, cannot maintain an action for false imprisonment where he was imprisoned in accordance with a judgment of a court, unless it appears such judgment is void on its face. *Beachum v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-635, 2012-Ohio-673, ¶ 6; *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 9.  Thus, the state may not be held liable for false imprisonment if the state imprisoned a plaintiff pursuant to a facially valid judgment, even if a court later finds that judgment is void. *Beachum* at ¶ 6; *McKinney* at ¶ 9.  Put simply, a plaintiff cannot state a claim for false imprisonment based on a facially valid judgment, even if a court later finds the judgment void, but he can state such a claim based on a facially invalid judgment. Facial invalidity requires that a defect be apparent on the face of the judgment, without reference to extrinsic evidence or case law to identify or explain the problem with the judgment. *Beachum* at ¶ 7; *Fisk v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 14; *McKinney* at ¶ 12.

{¶ 10}  Here, Barb alleged in his complaint that his sentencing entry, which imposed post-release control upon him, was void because it did not state what penalty Barb would face for violating the terms of post-release control.[1]  What information a trial court must include in a sentencing entry to validly impose post-release control on an offender is set

---

[1] Barb did not attach the sentencing entry to his complaint.

forth in case law, most recently *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927. Consequently, to be void, Barb's sentencing entry must have contravened the requirements contained in the prevailing precedent. Thus, by the allegations in his complaint, Barb has only pleaded an invalidity in the sentencing entry that becomes apparent through the application of case law. The sentencing entry, therefore, does not include a facial invalidity.

{¶ 11} Absent a facial invalidity in the sentencing entry, Barb has failed to state a claim for false imprisonment. Accordingly, we conclude that the trial court did not err in dismissing Barb's complaint pursuant to Civ.R. 12(B)(6).

{¶ 12} For the foregoing reasons, we overrule Barb's sole assignment of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

———————————